IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES of the MID-AMERICA CARPENTERS REGIONAL COUNCIL HEALTH FUND, MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND, MID-AMERICA CARPENTERS REGIONAL COUNCIL SUPPLEMENTAL RETIREMENT FUND, MID-AMERICA CARPENTERS REGIONAL COUNCIL APPRENTICE & TRAINEE PROGRAM FUND, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | |
| INDUSTRIAL CONTRACTORS & ENGINEERS, INC. and STOTEN STOFKO, an individual, | ) ) ) | |
| Defendants. | ) | |

COMPLAINT

Plaintiffs, Trustees of the Mid-America Carpenters Regional Council Health Fund, et al. (the "Funds"), by their undersigned attorney, Daniel P. McAnally, complain of the Defendants, Industrial Contractors & Engineers, Inc. and Stoten Sofko, as follows:

Count I

(Failure To Pay Employee Benefit Contributions)

1.      This action arises under Section 502(e)(1) and (2) of the Employee Retirement Income Security Act, ("ERISA"), as amended, 29 U.S.C. §1132(e)(1) and (2) and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. §185(a); and 28 U.S.C. §1331. Jurisdiction is founded on the existence of questions arising thereunder.

2.     Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(a) and (b).

3.     The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). The Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois. The Administrator of the Funds has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of union dues for transmittal to the Mid-America Carpenters Regional Council, (the "Union"). With respect to such matters, the Administrator is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

4.     Defendant, Industrial Contractors & Engineers, Inc., (the "Employer") is an employer engaged in an industry affecting commerce and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of LMRA, 29 U.S.C. §185(a).

5.     The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Employer are parties to a collective bargaining agreement ("CBA") and to all CBAs subsequently negotiated, which require the Employer to pay fringe benefit contributions to the Funds and to remit dues deducted from the employees' wages. The CBA adopts and incorporates the Funds' respective Agreements and Declarations of Trust.

6.     The Funds are also authorized by the Union to act as a collection agent for Carpenters International Training Fund ("INTL FND"), UBC Labor Management Education and Development Fund ("LAB MT / CAF"), MARBA Industry Advancement Fund ("MIAF"), and the Chicagoland Construction Safety Council ("Safety"), Construction Industry Service Corporation ("CISCO").

7.     The CBA binds the employers to the Funds' Trust Agreements and thus to the rules and regulations promulgated by the Funds' Trustees.

8.      The CBA establishes a self-reporting system wherein the employers must submit monthly contributions remittance reports ("contribution reports") and payments shown to be due on those contribution reports. In those contribution reports, the Employer identifies the employees covered under the CBA and the amount of contributions due to the Funds on behalf of each covered employee.

9.     In the event an employer becomes delinquent in making the contribution payments, the employer is liable for the unpaid contributions, attorney fees liquidated damages and interest as set forth in the Trust Agreements and Delinquency Collection Procedure.

10.     Pursuant to ERISA and the Funds' Delinquency Collection Procedure, Plaintiffs are entitled to liquidated damages at the rate of 1.5% compounded. Pursuant to the Apprentice Trust Agreement, the Funds are also entitled to liquidated damages at the rate of 1.5% compounded.

11.     If the employer becomes delinquent in the contribution payments, the Funds send a monthly letter to the employer, up until the time that a lawsuit is filed, indicating the amount of liquidated damages due.

12.     Pursuant to ERISA and the Funds' Delinquency Collection Procedure, Plaintiffs are entitled to interest. The interest calculation is based on the ERISA Section awarding such interest, 29 U.S.C. §1132(g)(2) and the calculation is done pursuant to Section 6621 of the Internal Revenue Code.

13.     Notwithstanding the obligations imposed by the CBA, the Employer has breached the CBA by failing to do the following:

(a)     to submit monthly contribution reports and payments for the months of July 2025 through September 2025, thereby depriving the Funds of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

(b)   to submit monthly contribution payments in the amount of $21,467.55 for the months August 2025 through present, thereby depriving the Funds of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

(c)   to pay liquidated damages in the amount of $1,798.00 for the months of March 2025 through June 2025 on previous reports wherein the contribution were paid late, thereby depriving the Funds of income needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

(d)   to pay liquidated damages in the amount of $898.00 for the months August 2025 through present, thereby depriving the Funds of income needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

(e)   to pay interest in the amount of $446.54 for the months July 2025 through September 2025, thereby depriving the Funds of income needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries.

14.   The amounts claimed in paragraph 13(b) are the only amounts known due at time of the filing of the complaint, however additional monies may be due the Funds from the Employer based upon Employer's failure to submit all required contribution reports, or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions will come due during the pendency of this lawsuit.

15.   The amounts claimed due in paragraph 13 (c), (d), and (e) are the liquidated damages and interest due at the filing of the complaint and will increase and accrue as the Funds will be seeking continuous and ongoing accrued damages during the pendency of this lawsuit.

4

16.    Despite demands duly made, the Employer has not paid the required contributions, dues or other sums due and has failed to submit all outstanding contribution reports and payments.

17.    All conditions precedent to requiring contributions, reports, liquidated damages and interest to the Funds have been met.

18.    The Employer's actions in failing to make timely reports and contributions violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA.  29 U.S.C. §185.

19.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), the terms of the Funds' Trust Agreements and Delinquency Collection Procedures, the Employer is liable to the Funds for unpaid contributions and related amounts, as well as interest and liquidated damages on the unpaid contributions and previously paid contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court order the Defendant, Industrial Contractors & Engineers, Inc. to submit all outstanding reports and contributions for the months of July 2025 through September 2025 and enter a judgment against Defendant, Industrial Contractors & Engineers, Inc. for the amounts of contributions owed, together with all accrued delinquent contributions, interest, liquidated damages, including before and throughout the pendency of this lawsuit, the Funds' attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

Count II

(Failure to Remit Union Dues and Vacation Savings Plan Wages)

20.    Plaintiffs reallege and reincorporate paragraphs 1 through 12 as set forth in Count I.

21.    The Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from Employers, union dues which have been deducted from the wages of covered employees.

22.    The Employer is also obligated to transfer a portion of the employees wages designated as "vacation savings" to the health fund. The Employer and the Union have established a Vacation Savings Plan that is administered by the Mid-America Carpenters Regional Council Health Fund. The Employer adds the designated vacation savings amount to the employee's gross wages and then deducts the appropriate payroll tax, including social security and withholding taxes. The full amount of the vacation savings is deducted from the employee's net wage and then remitted to the Health Fund. The Health Fund distributes the vacation savings to the member on an annual basis.

23.    Notwithstanding the obligations imposed by the CBA, the Employer has failed to remit the union dues and vacation savings deducted from the wages of employees for the period from July 2025 through September 2025 in the amount of $3,341.59, thereby depriving the Union and Health Fund of income and failed to submit the monthly reports, union dues and vacation savings for the period July 2025 through September 2025.

24.    The amount of dues and vacation savings claimed in paragraph 23 is the only amount known due at time of the filing of the complaint, however additional monies may be due the Funds from the Employer based upon Employer's failure to submit all required contribution reports, or to accurately state all hours for which dues and vacation savings are due on reports previously submitted, and subject further to the possibility that additional dues will come due during the pendency of this lawsuit.

25.    The Employer is liable to the Fund for the unpaid union dues and vacation savings, as well as reasonable attorneys' fees, as the Union's collection agent, and costs, and such other legal and equitable relief as the Court deems appropriate.

26.    The Employer's actions have violated and are violating Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

6

WHEREFORE, Plaintiffs respectfully request that this Court order the Defendant, Industrial Contractors & Engineers, Inc. to submit the outstanding contribution reports, dues and vacation savings deduction for the period July 2025 through September 2025 and enter a judgment against Defendant, Industrial Contractors & Engineers, Inc. for the amount of the deductions owed, before and throughout the pendency of this lawsuit, together with all attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

Count III

(Illinois Wage Payment and Collection Act )

27. Plaintiffs reallege and reincorporate paragraphs 20 through 26 as set forth in Count II.

28. At all times material herein, there was in effect the Illinois Wage Payment and Collection Act ("Wage Act"), 820 ILCS 115/1, et seq. Stoten Sofko is the owner and officer of Industrial Contractors & Engineers, Inc. and knowingly permitted and willfully refused to remit dues and vacations savings on behalf of its employees in violation of the Wage Act, 820 ILCS 115/ 14.

29. Section 13 of the Wage Act provides that "any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation, 820 ILCS 115/13. Thus, Defendant, Stoten Sofko, is an employer within the meaning of the Wage Act. Defendant deducted dues and vacation savings from the employees wages and failed to remit the money to the Plaintiffs. The dues and vacation savings are wages as defined by Section 2 of the Illinois Wage and Payment Collection Act, which have been assigned by the carpenter employees to the Union, 820 ILCS 115/2. Therefore, Stoten Sofko is personally liable for the dues and vacation savings deductions and other deductions found to be owed throughout the pendency of this lawsuit.

30.     This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. §1367 as the claim is so related to the claims in Counts II and III  in this action, within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment against Defendant, Stoten Sofko for the amount of the union dues and vacation savings owed in the amount of $3,341.59 for the period July 2025 through September 2025 and all other deductions shown to be owed throughout the pendency of this lawsuit, together with all attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

By:     /s/ Daniel P. McAnally

*Attorney for Plaintiffs*

Daniel P. McAnally
McGann, Ketterman & Rioux
111 East Wacker Drive - Suite 2300
Chicago, IL 60601
(312) 251-9700
dmcanally@mkrlaborlaw.com