IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES of the MID-AMERICA CARPENTERS REGIONAL COUNCIL HEALTH FUND, MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND, MID-AMERICA CARPENTERS REGIONAL COUNCIL SUPPLEMENTAL RETIREMENT FUND, MID-AMERICA CARPENTERS REGIONAL COUNCIL APPRENTICE & TRAINEE PROGRAM FUND,<br>　　　　　　　　　　Plaintiffs,<br>　v.<br><br>INDUSTRIAL CONTRACTORS & ENGINEERS, INC. and STOTEN STOFKO, an individual,<br>　　　　　　　　　　Defendants. | CIVIL ACTION<br>CASE NO: 1:26-cv-00869 |

## ANSWER TO COMPLAINT

Come now Defendants, Industrial Contractors & Engineers, Inc. ("ICE") and Stoten Sofko, by counsel, Shawn D. Cox of Hodges and Davis, P.C., and for their Answer to Plaintiffs', Trustees of the Mid-America Carpenters Regional Council Health Fund, et al.'s (the "Funds") Complaint state as follows:

### Count I

(Failure To Pay Employee Benefit Contributions)

1. This action arises under Section 502(e)(1) and (2) of the Employee Retirement Income Security Act, ("ERISA"), as amended, 29 U.S.C. §1132(e)(1) and (2) and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. §185(a); and 28 U.S.C. §1331. Jurisdiction is founded on the existence of questions arising thereunder.

**ANSWER: The Defendants are without sufficient knowledge as to the allegations contained in rhetorical paragraph one (1) of Count I of Plaintiffs' Complaint, and therefore, deny those allegations.**

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(a) and (b).

**ANSWER: The Defendants are without sufficient knowledge as to the allegations contained in rhetorical paragraph two (2) of Count I of Plaintiffs' Complaint, and therefore, deny those allegations.**

3. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). The Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois. The Administrator of the Funds has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of union dues for transmittal to the Mid-America Carpenters Regional Council, (the "Union"). With respect to such matters, the Administrator is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

**ANSWER: The Defendants are without sufficient knowledge as to the allegations contained in rhetorical paragraph three (3) of Count I of Plaintiffs' Complaint, and therefore, deny those allegations.**

4. Defendant, Industrial Contractors & Engineers, Inc., (the "Employer") is an employer engaged in an industry affecting commerce and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and

Section 301(a) of LMRA, 29 U.S.C. §185(a).

**ANSWER: The Defendants admit the allegations set forth in paragraph four (4) of Count I of the Plaintiffs' Complaint.**

5. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Employer are parties to a collective bargaining agreement ("CBA") and to all CBAs subsequently negotiated, which require the Employer to pay fringe benefit contributions to the Funds and to remit dues deducted from the employees' wages. The CBA adopts and incorporates the Funds' respective Agreements and Declarations of Trust.

**ANSWER: The Defendants admit that the Union and ICE were parties to a CBA, and its terms speak for themselves, and deny the remaining allegations contained in paragraph five (5) of Count I of Plaintiffs' Complaint.**

6. The Funds are also authorized by the Union to act as a collection agent for Carpenters International Training Fund ("INTL FND"), UBC Labor Management Education and Development Fund ("LAB MT / CAF"), MARBA Industry Advancement Fund ("MIAF"), and the Chicagoland Construction Safety Council ("Safety"), Construction Industry Service Corporation ("CISCO").

**ANSWER: The Defendants are without sufficient knowledge as to the allegations contained in rhetorical paragraph six (6) of Count I of Plaintiffs' Complaint, and therefore, deny those allegations.**

7. The CBA binds the employers to the Funds' Trust Agreements and thus to the rules and regulations promulgated by the Funds' Trustees.

**ANSWER: The Defendants admit that the CBA speaks for itself, and deny the remaining allegations contained in paragraph seven (7) of Count I of Plaintiffs' Complaint.**

8. The CBA establishes a self-reporting system wherein the employers must submit monthly contributions remittance reports ("contribution reports") and payments shown to be due on those contribution reports. In those contribution reports, the Employer identifies the employees covered under the CBA and the amount of contributions due to the Funds on behalf of each covered employee.

**ANSWER: The Defendants admit that the CBA speaks for itself and ICE has prepared contribution reports generally consistent with the allegations in paragraph eight (8) of Count I of Plaintiffs' Complaint, and deny the remaining allegations contained in paragraph eight (8) of Count I of Plaintiffs' Complaint.**

9. In the event an employer becomes delinquent in making the contribution payments, the employer is liable for the unpaid contributions, attorney fees liquidated damages and interest as set forth in the Trust Agreements and Delinquency Collection Procedure.

**ANSWER: The Defendants are without sufficient knowledge as to the allegations contained in rhetorical paragraph nine (9) of Count I of Plaintiffs' Complaint, and therefore, deny those allegations.**

10. Pursuant to ERISA and the Funds' Delinquency Collection Procedure, Plaintiffs are entitled to liquidated damages at the rate of 1.5% compounded. Pursuant to the Apprentice Trust Agreement, the Funds are also entitled to liquidated damages at the rate of 1.5% compounded.

**ANSWER: The Defendants are without sufficient knowledge as to the allegations contained in rhetorical paragraph ten (10) of Count I of Plaintiffs' Complaint, and therefore, deny those allegations.**

11. If the employer becomes delinquent in the contribution payments, the Funds send a monthly letter to the employer, up until the time that a lawsuit is filed, indicating the amount of liquidated damages due.
**ANSWER: The Defendants admit that ICE has received correspondence demanding liquidated damages, and deny the remaining allegations contained in paragraph eleven (11) of Count I of Plaintiffs' Complaint.**

12. Pursuant to ERISA and the Funds' Delinquency Collection Procedure, Plaintiffs are entitled to interest. The interest calculation is based on the ERISA Section awarding such interest, 29 U.S.C. §1132(g)(2) and the calculation is done pursuant to Section 6621 of the Internal Revenue Code.
**ANSWER: Paragraph twelve (12) of Count I of Plaintiffs' Complaint calls for a legal conclusion, and Defendants accordingly neither admit nor deny same; to the extent paragraph twelve (12) calls for an admission or denial of a factual assertion, Defendants deny same.**

13. Notwithstanding the obligations imposed by the CBA, the Employer has breached the CBA by failing to do the following:
    (a) to submit monthly contribution reports and payments for the months of July 2025 through September 2025, thereby depriving the Funds of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;
    (b) to submit monthly contribution payments in the amount of $21,467.55 for the months August 2025 through present, thereby depriving the Funds of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;
    (c) to pay liquidated damages in the amount of $1,798.00 for the months

        of March 2025 through June 2025 on previous reports wherein the contribution were paid late, thereby depriving the Funds of income needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

(d)     to pay liquidated damages in the amount of $898.00 for the months August 2025 through present, thereby depriving the Funds of income needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

(e)     to pay interest in the amount of $446.54 for the months July 2025 through September 2025, thereby depriving the Funds of income needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries.

**ANSWER: The Defendants admit that certain reports and payments may be due and owing, and deny the remaining allegations contained in paragraph thirteen (13) of Count I of Plaintiffs' Complaint.**

    14.     The amounts claimed in paragraph 13(b) are the only amounts known due at time of the filing of the complaint, however additional monies may be due the Funds from the Employer based upon Employer's failure to submit all required contribution reports, or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions will come due during the pendency of this lawsuit.

**ANSWER: The Defendants admit that certain reports and payments may be due and owing, and deny the remaining allegations contained in paragraph fourteen (14) of Count I of Plaintiffs' Complaint.**

15. The amounts claimed due in paragraph 13 (c), (d), and (e) are the liquidated damages and interest due at the filing of the complaint and will increase and accrue as the Funds will be seeking continuous and ongoing accrued damages during the pendency of this lawsuit.

**ANSWER: The Defendants admit that certain reports and payments may be due and owing, and deny the remaining allegations contained in paragraph fifteen (15) of Count I of Plaintiffs' Complaint.**

16. Despite demands duly made, the Employer has not paid the required contributions, dues or other sums due and has failed to submit all outstanding contribution reports and payments.

**ANSWER: The Defendants admit that certain reports and payments may be due and owing, and deny the remaining allegations contained in paragraph sixteen (16) of Count I of Plaintiffs' Complaint.**

17. All conditions precedent to requiring contributions, reports, liquidated damages and interest to the Funds have been met.

**ANSWER: The Defendants deny the allegations set forth in paragraph seventeen (17) of Count I of the Plaintiffs' Complaint.**

18. The Employer's actions in failing to make timely reports and contributions violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

**ANSWER: Paragraph eighteen (18) of Count I of Plaintiffs' Complaint calls for a legal conclusion, and Defendants accordingly neither admit nor deny same; to the extent paragraph eighteen (18) calls for an admission or denial of a factual assertion, Defendants deny same.**

19. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), the terms of the Funds' Trust Agreements and Delinquency Collection Procedures, the Employer is liable to the Funds for unpaid contributions and related amounts, as well as interest and liquidated damages on the unpaid contributions and previously paid contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER: The Defendants admit that certain sums may be due and owing, and deny the remaining allegations contained in paragraph nineteen (19) of Count I of Plaintiffs' Complaint.**

WHEREFORE, Defendants, by counsel, request that the Plaintiffs take nothing by way of Count I of their Complaint, and for all other relief just and proper in the premises.

        Respectfully submitted,

        HODGES AND DAVIS, P.C.
        ATTORNEYS FOR DEFENDANTS,
        INDUSTRIAL CONTRACTORS &
        ENGINEERS, INC. AND STOTEN
        STOFKO

        By: /s/Shawn D. Cox
            SHAWN D. COX
            Indiana Attorney No. 20074-45
            scox@hodgesdavis.com
            8700 Broadway
            Merrillville, Indiana 46410
            Phone: (219) 641-8700
            Fax: (219) 641-8710

Count II

(Failure to Remit Union Dues and Vacation Savings Plan Wages)

20. Plaintiffs reallege and reincorporate paragraphs 1 through 12 as set forth in Count I.

**ANSWER: The Defendants reallege their answers to paragraphs one (1) through nineteen (19) of their Answer to Plaintiffs' Complaint as if fully set forth herein.**

21. The Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from Employers, union dues which have been deducted from the wages of covered employees.

**ANSWER: The Defendants are without sufficient knowledge as to the allegations contained in rhetorical paragraph twenty-one (21) of Count II of Plaintiffs' Complaint, and therefore, deny those allegations.**

22. The Employer is also obligated to transfer a portion of the employees wages designated as "vacation savings" to the health fund. The Employer and the Union have established a Vacation Savings Plan that is administered by the Mid-America Carpenters Regional Council Health Fund. The Employer adds the designated vacation savings amount to the employee's gross wages and then deducts the appropriate payroll tax, including social security and withholding taxes. The full amount of the vacation savings is deducted from the employee's net wage and then remitted to the Health Fund. The Health Fund distributes the vacation savings to the member on an annual basis.

**ANSWER: The Defendants admit that ICE and the Union have a "vacation savings plan" as described in paragraph twenty-two (22) and that some sums may be due and owing, and deny the remaining allegations contained in paragraph twenty-two (22) of Count II of Plaintiffs' Complaint.**

23. Notwithstanding the obligations imposed by the CBA, the Employer has failed to remit the union dues and vacation savings deducted from the wages of employees for the period from July 2025 through September 2025 in the amount of $3,341.59, thereby depriving the Union and Health Fund of income and failed to submit the monthly reports, union dues and vacation savings for the period July 2025 through September 2025.

**ANSWER: The Defendants admit that certain reports and payments may be due and owing, and deny the remaining allegations contained in paragraph twenty-three (23) of Count II of Plaintiffs' Complaint.**

24. The amount of dues and vacation savings claimed in paragraph 23 is the only amount known due at time of the filing of the complaint, however additional monies may be due the Funds from the Employer based upon Employer's failure to submit all required contribution reports, or to accurately state all hours for which dues and vacation savings are due on reports previously submitted, and subject further to the possibility that additional dues will come due during the pendency of this lawsuit.

**ANSWER: The Defendants admit that certain reports and payments may be due and owing, and deny the remaining allegations contained in paragraph twenty-four (24) of Count II of Plaintiffs' Complaint.**

25. The Employer is liable to the Fund for the unpaid union dues and vacation savings, as well as reasonable attorneys' fees, as the Union's collection agent, and costs, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER: The Defendants admit that certain reports and payments may be due and owing, and deny the remaining allegations contained in paragraph twenty-five (25) of Count II of Plaintiffs' Complaint.**

26. The Employer's actions have violated and are violating Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

**ANSWER: Paragraph twenty-six (26) of Count II of Plaintiffs' Complaint calls for a legal conclusion, and Defendants accordingly neither admit nor deny same; to the extent paragraph twenty-six (26) calls for an admission or denial of a factual assertion, Defendants deny same.**

WHEREFORE, Defendants, by counsel, request that the Plaintiffs take nothing by way of Count II of their Complaint, and for all other relief just and proper in the premises.

Respectfully submitted,

HODGES AND DAVIS, P.C.
ATTORNEYS FOR DEFENDANTS,
INDUSTRIAL CONTRACTORS &
ENGINEERS, INC. AND STOTEN
STOFKO

By:  /s/Shawn D. Cox
SHAWN D. COX
Indiana Attorney No. 20074-45
scox@hodgesdavis.com
8700 Broadway
Merrillville, Indiana 46410
Phone: (219) 641-8700
Fax: (219) 641-8710

Count III

(Illinois Wage Payment and Collection Act)

27. Plaintiffs reallege and reincorporate paragraphs 20 through 26 as set forth in Count II.

**ANSWER: The Defendants reallege their answers to paragraphs one (1) through twenty-six (26) of their Answer to Plaintiffs' Complaint as if fully set forth herein.**

28. At all times material herein, there was in effect the Illinois Wage Payment and Collection Act ("Wage Act"), 820 ILCS 115/1, et seq. Stoten Sofko is the owner and officer of Industrial Contractors & Engineers, Inc. and knowingly permitted and willfully refused to remit dues and vacations savings on behalf of its employees in violation of the Wage Act, 820 ILCS 115/ 14.

**ANSWER: The Defendants admit that Stoten Stofko is a shareholder and was an officer of ICE, and deny the remaining allegations contained in paragraph twenty-eight (28) of Count III of Plaintiffs' Complaint. Defendants specifically deny that the Wage Act is applicable to Defendants.**

29. Section 13 of the Wage Act provides that "any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation, 820 ILCS 115/13. Thus, Defendant, Stoten Sofko, is an employer within the meaning of the Wage Act. Defendant deducted dues and vacation savings from the employees wages and failed to remit the money to the Plaintiffs. The dues and vacation savings are wages as defined by Section 2 of the Illinois Wage and Payment Collection Act, which have been assigned by the carpenter employees to the Union, 820 ILCS 115/2. Therefore, Stoten Sofko is personally liable for the dues and vacation savings deductions and other deductions found to be owed throughout the pendency of this lawsuit.

**ANSWER: The Defendants admit that the Wage Act speaks for itself, and deny the remaining allegations contained in paragraph twenty-nine (29) of Count III of Plaintiffs' Complaint.**

30. This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. §1367 as the claim is so related to the claims in Counts II and III in this action, within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER: The Defendants deny the allegations set forth in paragraph thirty (30) of Count III of the Plaintiffs' Complaint.**

WHEREFORE, Defendants, by counsel, request that the Plaintiffs take nothing by way of Count III of their Complaint, and for all other relief just and proper in the premises.

Respectfully submitted,

HODGES AND DAVIS, P.C.
ATTORNEYS FOR DEFENDANTS,
INDUSTRIAL CONTRACTORS &
ENGINEERS, INC. AND STOTEN
STOFKO

By: /s/Shawn D. Cox
SHAWN D. COX
Indiana Attorney No. 20074-45
scox@hodgesdavis.com
8700 Broadway
Merrillville, Indiana 46410
Phone: (219) 641-8700
Fax: (219) 641-8710

## AFFIRMATIVE DEFENSES

Come now Defendants, by counsel, and for their affirmative defenses state as follows:

1. Defendants now deny all allegations in the Plaintiffs' Complaint which have not been specifically admitted, denied or controverted.

2. Plaintiffs' claim, if proper, should be barred or reduced due to the failure to state a claim upon which relief can be granted.

3. Plaintiffs' claim, if proper, should be barred or reduced due to the failure of consideration.

4. Plaintiffs' claim, if proper, should be barred or reduced due to the failure to mitigate damages.

5. Plaintiffs' claim, if proper, should be barred or reduced due to the Plaintiffs' violation of Parol Evidence Rule.

6. That Plaintiffs should be equitably barred, based upon the doctrine of laches and/or other equitable doctrines, from recovery against the Defendants.

7. Defendants reserve the right to assert additional affirmative defenses as may be developed during the course of discovery.

WHEREFORE, Defendants, by counsel, request that the Plaintiffs take nothing by way of Count III of their Complaint, and for all other relief just and proper in the premises.

Respectfully submitted,

HODGES AND DAVIS, P.C.
ATTORNEYS FOR DEFENDANTS,
INDUSTRIAL CONTRACTORS &
ENGINEERS, INC. AND STOTEN
STOFKO

By: /s/Shawn D. Cox
    SHAWN D. COX
    Indiana Attorney No. 20074-45
    scox@hodgesdavis.com
    8700 Broadway
    Merrillville, Indiana 46410

Phone: (219) 641-8700
Fax: (219) 641-8710

## CERTIFICATE OF SERVICE

I certify that on February 24, 2026, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS).

I also certify that on February 24, 2026, the foregoing document was served upon the following persons via IEFS:

Daniel P. McAnally, dmcanally@mkrlaborlaw.com

/s/Shawn D. Cox
Shawn D. Cox

753973.1
21,211